# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ANGELA BRUMMEL,<br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP; and DOES 1 through 10, inclusive,<br>Defendant. | Civil Action No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Angela Brummel (hereinafter "Plaintiff"), an individual consumer, against defendant GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

1

### *III. PARTIES*

3. Plaintiff, Angela Brummel is a consumer, a natural person allegedly obligated to pay any debt, residing in Newaygo County, in the state of Michigan.

4. Defendant, GC Services Limited Partnership is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Harris County at 6330 Gulfton Street, Suite 300, Houston, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, displaying the intent to harass her by calling her after she had told it that calls inconvenienced her, and seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to March 27th of 2012.

9. Upon information and belief, within one year from the filing of this complaint, Defendant swore at Plaintiff in communications with Plaintiff, making offensive comment(s) to her.

10. Defendant, within one year of the filing of this complaint, utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by swearing at Plaintiff; by calling her at work after having been given reason to know such calls inconvenienced her and/or were prohibited; and by improperly contacting a third party in regards to her alleged debt by calling her neighbor and asking her neighbor to have Plaintiff call Defendant.

11. Defendant, during communications with Plaintiff, within one year form the filing of this complaint, did not state that Defendant was a debt collector, attempting to communicate a debt, and that any information would be used for that purpose.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V.  CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

4

(c) Defendant violated *§1692c(b)* of the FDCPA by alerting third parties to Plaintiff's alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(d) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(e) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader; and

(f) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Angela Brummel for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Angela Brummel respectfully requests that judgment be entered against defendant GC Services Limited Partnership for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as the Court may deem just and proper.

///

///

///

///

///

DATED: September 24, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Peter Cozmyk
Peter Cozmyk, Esq.
(OBN: 0078862)
*Attorney-in-charge*
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.
Suite 200, Room #209
Independence, OH 44131
pcozmyk@hotmail.com
P: 440-292-7672

*Attorney for Plaintiff,*
*Angela Brummel*

## *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Angela Brummel demands trial by jury in this action.